# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE,** | ) | |
| | ) | |
| | ) | **I.D.:** 2301001270 |
| v. | ) | |
| | ) | |
| **OLVIER HENRY,** | ) | |
| | ) | |
| Defendant. | | |

**Submitted:** April 7, 2025
**Decided:** May 6, 2025

## <u>ORDER</u>
*On Defendant's Motion for Correction of an Illegal Sentence*

## DENIED

This 23rd day of April, 2025, upon consideration of the instant Motion for Correction of an Illegal Sentence, under Superior Court Criminal Rule 35(a)[1] brought by Defendant Oliver Henry ("Henry"), it appears to the Court that:

1. Henry entered into a plea agreement on March 6, 2024 and pled guilty to Murder Second Degree. Henry was sentenced on July 6, 2024 to fifty (50) years at Level V, suspended after twenty (20) years for six (6) months at Level IV, followed by two (2) years at Level III probation.[2] Murder in the Second Degree is a class A felony[3] with a statutory minimum sentence of 15 years of unsuspended Level V

---

[1] Docket Item ("D.I.") 56.
[2] *Id.* p. 2.
[3] 11 *Del. C.* § 635.

time and a maximum of life imprisonment.[4]  The Delaware SENTAC guidelines provide the presumptive sentence for Murder Second Degree is 15 years at Level V.[5]

2.  In the instant Motion, Henry moves this Court for a review of his sentence under Rule 35(a) which states "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."[6]

3.  Henry maintains his fifty-year suspended Level V time is illegal because it includes an enhancement which exceeds the statutory maximum.[7]  To support this argument, Henry cites to United States Supreme Court case *Apprendi v. New Jersey* which holds that any additional fact a sentencing judge relies on to increase a defendant's penalty beyond the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt.[8]  Henry also cites to *Blakely v. Washington* which supports *Apprendi*'s holding and clarifies "statutory maximum" for *Apprendi* purposes "is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*"[9]  Henry argues the sentencing judge violated these cases by

---

[4] 11 *Del. C.* § 4205(b)(1).
[5] 2024 SENTAC Benchbook, p. 30.
[6] Del. Super. Ct. Crim. R. 35(a).
[7] *Id.* p. 4.
[8] 530 U.S. 466, 490 (2000).
[9] 542 U.S. 296, 303-04 (2004).

supporting Henry's sentence with two aggravating factors: (1) "excessive cruelty" and (2) "undue depreciation for the offense." He contends the United States Supreme Court case law required the sentencing judge to find "additional facts" to support a sentence beyond 15 years.

4. The Court does not find that the sentencing judge needed to obtain additional facts to justify Henry's suspended Level V time, and the aggravating factors relied on by the sentencing judge were adequate to support Henry's sentence. In *Shabazz v. State*, the Delaware Supreme Court held that "neither *Apprendi* nor *Blakely* impact" a judge giving a sentence within the statutory range but above the SENTAC guideline presumptive sentence "given the voluntary and nonbinding nature of Delaware's sentencing guidelines."[10]

5. The sentencing judge was within the statutory range by imposing 50 years suspended Level V time. In addition, the sentencing judge found two aggravating factors which provided substantial and compelling reason to justify surpassing the presumptive sentence. Further, the SENTAC guidelines allow the penalty for an exceptional sentence justified by excessive cruelty to proceed "up to the statutory maximum," which, for Henry's conviction, is life imprisonment.[11]

---

[10] *Shabazz v. State*, 877 A.2d 52, *1 (Del. 2005).
[11] 2024 SENTAC Benchbook, p. 108.

6. The Court disagrees with Henry's argument that Delaware's SENTAC guidelines are, and always have been, binding. The Delaware Supreme Court and proceeding case law firmly support the proposition that "the sentencing standards are considered voluntary and nonbinding; thus, no party to a criminal case has any legal or constitutional right to appeal to any court a statutorily authorized sentence which does not conform to the sentencing standards."[12] Provided that the sentencing judge supports their deviation from the guidelines with substantial and compelling reason, the sentence may deviate from the SENTAC guidelines.[13]

7. For the above reasons, the Court finds that Henry's sentence is not illegal and, therefore, **DENIES**, his Motion.

**IT IS SO ORDERED.**

_/s/ Francis J. Jones, Jr._
Francis J. Jones, Jr., Judge

cc: _Original to the Prothonotary_
Erika Flaschner, Deputy Attorney General
Oliver Henry, JTVCC, SBI No. 00746078

---

[12] _See Siple v. State_, 701 A.2d 79, *2 (Del. 1997); Delaware Supreme Court Admin. Directive No. 76.
[13] _See Benge v. State_, 2004 WL 2743431 (Del. 2004).